# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| DARRYL GLENN ROARK,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 6:13-CV-00181-KKC<br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

The plaintiff, Darryl Glenn Roark, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

Roark previously filed an application for disability benefits on January 5, 2009 and an Administrative Law Judge ("ALJ") issued an unfavorable decision on January 13, 2010. He filed a request for review on March 11, 2010, which the Appeals Counsel denied on October 26, 2010. He then filed a federal civil action regarding that decision and the United States District Court for the Eastern District of Kentucky affirmed the decision of the ALJ.

Roark then filed this claim for benefits on December 1, 2010, alleging a disability beginning on January 11, 2010. The claim was denied initially on April 15, 2011, and upon reconsideration on August 24, 2011. He then filed a written request for a hearing before an ALJ. After the hearing, the ALJ issued an unfavorable decision on May 31, 2012. The Appeals Council denied his request for review and Roark now seeks review by this Court.

At the time of the alleged onset of disability, Roark was 44 years old. He has a limited education and is able to communicate in English. He claims to be disabled due to physical conditions, including history of congestive heart failure, history of decreased kidney function, and hypertension. (Administrative Record ("AR") at 12). In addition to these severe impairments, Roark was assessed with gastroesophageal reflux disease (GERD) in September 2011; however, the ALJ found this impairment to be less than severe. (AR at 13).

Roark testified during the administrative hearing that his blood pressure was his biggest concern and that he takes five medications to control it. (AR at 28, 30). He also testified that the medication makes him very tired, requiring him to lie down for one-and-a-half to two hours twice daily. (AR at 31). He takes a dosage at 11 in the morning and one at 11 at night. (AR at 32). In regards to his kidneys, Roark testified he has a small blockage that causes him back pain. (AR at 28).

In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled. If he is not engaged in such activity, then the ALJ must proceed to step two.

(2) If the claimant's impairment or combination of impairments is not "severe," meaning the impairment(s) significantly limit his physical or mental ability to do basic work activities, he is not disabled. If the claimant's impairments are severe, then the ALJ must proceed to step three.

(3) If the claimant has a severe impairment or combination of impairments that meets or equal(s) in severity an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (the Listing of Impairments), he is disabled. If not, then the ALJ must proceed to step four.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled. If it does, then the ALJ must proceed to step five.

(5) If other work exists in the national economy that accommodates the claimant's residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*.

The burden of proof is on the claimant through the first four steps. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.

*See id*. Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In this case, the ALJ began her analysis at step one by determining that the claimant has not engaged in gainful activity since December 1, 2010, the alleged onset date. (AR at 12). At step two, the ALJ determined that Roark suffers from the following severe impairments: history of congestive heart failure, history of decreased kidney function, and hypertension. (AR at 12). At step three, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 13).

At step four, the ALJ found that, based on careful consideration of the entire record including all medically determinable evidence, Roark "has the residual functional capacity to perform light work as defined by 20 CFR 416.967(b) except that he retains the capacity to sit six hours out of eight and stand/walk two hours out of eight." (AR at 13). The ALJ also found "the claimant is precluded from work requiring any climbing of ladders, ropes, or scaffolds; he is able to occasionally climb stairs and ramps; and he is able to frequently balance, stoop, heel, crouch, and crawl." (AR at 13). Finally, the ALJ found "the claimant should avoid concentrated exposure to temperature extremes or workplace hazards such as unprotected heights or exposure to dangerous machinery." (AR at 13). The ALJ then determined that the claimant is unable to perform any past relevant work. (AR at 16).

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform. (AR at 16). This conclusion was based on consideration of the claimant's age, education, work experience, and residual functional capacity, as well as the testimony of the vocational expert. (AR at 16-17).

4

The Appeals Commission subsequently denied Roark's request for review on July 23, 2013. Roark has exhausted his administrative remedies and filed a timely action in this Court. The case is now ripe for review under 42 U.S.C. § 405(g).

## ANALYSIS

Roark contends that the ALJ "erred in failing to find credible claimant's statements regarding the intensity, persistence, and limiting effects of symptoms relating to the side effects of medication needed to address claimant's symptoms." (DE 11-1, Mem. At 5.)

The ALJ recognized that Roark "reported that he is currently taking five blood pressure medications and that their side effects cause him to be drowsy and tired" and that Roark "testified that he suffers from severe fatigue that caused him to lie down on a daily basis from an hour and a half to two hours per day." (AR at 14.) The ALJ further noted, however, that the objective medical evidence in the record indicated that Roark did not suffer any side effects from his medication. Here, the ALJ cited records from the Clover Fork Clinic dated September 28, 2011 stating that Roark experienced no side effects from his hypertension medication. (AR at 363.) Another record from the clinic dated January 27, 2012 states the same. (AR at 369). In his motion, Roark does not identify any objective medical evidence in the record that supports his testimony regarding the side effects of his blood pressure medication. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Because the ALJ's credibility determination was based on objective medical evidence and there is no such evidence that contradicts the ALJ's determination, the Court will defer to the ALJ on this issue.

5

Roark may also make a general objection that the ALJ's decision is not supported by substantial evidence (DE 11-1, Mem. at 8.) Such an objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Wyatt v. Barnhart*, 190 F. App'x 730, 732 (10th Cir. 2006) (citation omitted). Accordingly, the Court need not address this general objection. Nevertheless, the Court finds that the evidence cited by the ALJ in support of her decision is substantial.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment is **DENIED**;

2. The defendant's motion for summary judgment is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.


Dated August 13, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY